## WILLIAMS v. BRANDT.

(Supreme Court, Appellate Division, Fourth Department. January 26, 1904.)

1. SALES—AGENT—IDENTITY—QUESTION FOR JURY.

In an action to recover the price of coal, where the evidence is conflicting as to the person who made the sale, the question is for the jury.

2. SAME—AUTHORITY.

In an action to recover the price of coal, where the evidence is conflicting as to the authority of the agent of plaintiff with whom defendant claimed to have contracted, the question is for the jury.

Appeal from Special Term, Wayne County.

Action by Alexander B. Williams against George A. Brandt. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

J. W. Barrett, for appellant.
E. W. Hamm, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event. The action was brought to recover the purchase price of a car load of coal. At the close of the evidence the court directed a verdict for the plaintiff. This decision was apparently based upon the proposition that a sale was made by the plaintiff's son, Harry, about the 7th or 8th of October, 1902, and the coal was delivered under that sale about October 18th or 19th, 1902. Harry Williams testified to such sale, made at plaintiff's warehouse in Sodus village, and there was some evidence

given by other witnesses corroborating his testimony, and if that evidence had been uncontradicted there would have been no error in the direction of the verdict. But the evidence of the defendant was not in accord with the evidence given in behalf of the plaintiff. The defendant testified that he had some negotiations with a man by the name of Turner, who was an employé of the plaintiff, about the purchase of a car load of Lykens Valley coal, and then he met Harry Williams on the occasion when plaintiff claims the sale was made, and asked him why they had not sent the coal, and Harry said he knew nothing about it; that Turner knew about that, and when he came back they would let the defendant know about it; that there was coal back in the shed, which was all the coal he knew about; that he (defendant) went out and looked at the coal, and came back and told Harry that that was not the coal he had bought of Turner—Lykens Valley coal—and Harry said he did not know anything about it, and he (defendant) would have to wait for Turner to come back. Subsequently the coal was delivered, but was not Lykens Valley coal, and the defendant refused to accept it.

It will thus be seen that defendant claimed to have negotiated for the purchase of the coal with Turner, and that he made no purchase from Harry Williams, and that his alleged purchase was only of Lykens Valley coal, which was never delivered to or received by him, the defendant.

There was a dispute as to whether Turner had authority to act for plaintiff in the sale of the coal, and it was claimed such agency was denied by plaintiff, and was not proven by defendant. A sale by Harry Williams was not conceded, but was denied. A verdict could not, therefore, be directed based upon such a sale. If the sale was made by Turner, and he had authority to make it, then defendant claimed the coal delivered was not the kind of coal purchased, and that he refused to accept it. The defendant requested the court to submit to the jury the question whether the contract made was that alleged by the plaintiff or that alleged by defendant, and whether Turner had authority to make a sale of coal for the plaintiff. These requests were refused. Errors were committed by the court in directing the verdict and refusing such requests which require a reversal of the judgment and order and the granting of a new trial.

We do not pass upon the question of the competency of evidence of the conversation between defendant and Turner.

All concur; SPRING and HISCOCK, JJ., on the ground, also, that it was error to exclude the conversations between defendant and Turner, the agent of plaintiff.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event. All concur. SPRING and HISCOCK, JJ., also vote for reversal upon the ground that it was reversible error to exclude evidence of the conversation between the defendant and Turner.